UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| ROBIN KRAMER, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
|   v. | ) CAUSE NO: 3:20-cv-434 |
| | ) |
| UNIVERSITY OF NOTRE DAME DU LAC, | ) |
| | ) |
|     Defendant. | ) |

**COMPLAINT AND DEMAND FOR JURY TRIAL**

1. Plaintiff, Robin Kramer ("Kramer"), brings this action against Defendant, University of Notre Dame du lac ("Defendant"), for unlawfully violating her rights as protected by the Americans With Disabilities Act ("ADA"), Title VII of the Civil Rights Act of 1964 ("Title VII"), and the Age Discrimination in Employment Act ("ADEA").

**PARTIES**

2. Kramer has resided within the Northern District of Indiana at all relevant times.

3. Defendant is a university operating within the Northern District of Indiana.

**JURISDICTION AND VENUE**

4. Jurisdiction is conferred on this Court by 28 U.S.C. § 1331; 42 U.S.C. § 1988; 29 U.S.C. § 626(c); 42 U.S.C. § 2000e-5(f)(3); and 42 U.S.C. § 12117.

5. Kramer was an "employee" within the meaning of 42 U.S.C. § 12111(4), 29 U.S.C. § 630(f), and 42 U.S.C. § 2000e(f).

6. Defendant is an "employer" within the meaning of 42 U.S.C. § 12111(5)(A), 42 U.S.C. § 2000e(b), and 29 U.S.C. § 630(b).

7. Kramer satisfied her obligations to exhaust her administrative remedies, having timely filed a Charge of Discrimination with the Equal Employment Opportunity Commission. The EEOC issued a right-to-sue notice to Kramer. She now timely files her lawsuit.

8. Venue is proper in this Court.

## FACTUAL ALLEGATIONS

9. Kramer is female.

10. Kramer is over the age of age of 50.

11. Kramer is a qualified individual with disability, has a record of a disability, and/or has been regarded as disabled by Defendant.

12. Defendant hired Kramer in or about August 1985.

13. Kramer was the Associate Director of St. Michael Laundry when Defendant fired her.

14. Kramer's work performance met or exceeded Defendant's legitimate expectations at all relevant times.

15. Kramer reported to Director Larose Saint Jean ("Saint Jean"), a male, when she was fired.

16. Kramer's healthcare providers diagnosed her with breast cancer in or about early 2017.

17. Kramer's disability and its symptoms arising therefrom substantially limited her in several major life activities, including, but not limited to, normal cell growth, working, caring for herself, concentrating, and thinking.

18. Kramer received treatment for her disability between in or about April 2017 and August 2018, including breast and reconstructive surgeries, medications, and chemotherapy. She

is currently in remission.

19. Saint Jean made age-biased comments to Kramer, including asking her why she did not take the early retirement incentive because she qualified.

20. Management employees, including Saint Jean, made disparaging comments to Kramer about her disability and the symptoms arising from the treatment of her disability, including forgetfulness due to "chemo-brain."

21. Kramer reminded the management employees about the symptoms, including chemo-brain, and asked them to take this into consideration when speaking with her. Her reminding the management employees of her disability's symptoms constituted a request for a reasonable accommodation. The management employees disregarded her requests and criticized her for her forgetfulness. Defendant did not engage in the interactive process with her or proffer an alternative accommodation.

22. Kramer complained about Saint Jean's discriminatory conduct based on disability to Defendant's Human Resources in or about August 2019.

23. Defendant fired Kramer on or about September 13, 2019.

24. During the termination meeting, Saint Jean told Kramer that she had not communicated softly when talking with her subordinates. Such reference to communicating softly is a stereotypical comment biased against females that female managers should speak softly as compared with male managers whom Defendant permits to speak more harshly with subordinates.

25. Kramer received no progressive discipline before her termination, including a performance improvement plan, as Defendant had offered to other individuals outside of her protected classes.

26. Kramer had no prior notice that her employment was in jeopardy when Defendant notified her of her discharge.

27. An employee replaced Kramer or assumed her duties and responsibilities upon her separation. The employee is substantially younger, is not disabled, does not have a record of a disability, has not been regarded as disabled, and/or has not engaged in statutorily-protected activities.

28. Defendant has accorded more favorable employment terms and conditions to similarly-situated employees, who are male, are substantially younger, are not disabled, do not have a record of a disability, have not been regarded as disabled by Defendant, and/or have not engaged in statutorily-protected activities.

29. Defendant took adverse employment actions against Kramer because of her age, her gender, her disability, her record of a disability, its perception of her being disabled, and/or her statutorily-protected conduct.

30. All reasons proffered by Defendant for adverse actions it took regarding Kramer's employment are pretextual.

31. Kramer has suffered injury and harm as a result of Defendant's unlawful actions, including, but not limited to, emotional distress, inconvenience, humiliation, embarrassment, anger, disgust, frustration, and similar emotions.

## COUNT I

## DISABILITY DISCRIMINATION – ADA

32. Kramer hereby incorporates paragraphs 1-31 of her Complaint.

33. Defendant took adverse employment actions against Kramer because of her disability,

her record of a disability, and/or its perception of her being disabled.

34. Defendant's unlawful actions were intentional, willful, and done in reckless disregard of Kramer's rights as protected by the ADA.

## COUNT II

## DISABILITY DISCRIMINATION – ADA

35. Kramer hereby incorporates paragraphs 1-34 of her Complaint.

36. Kramer asked for a reasonable accommodation.

37. Defendant disregarded her requests and criticized her for her forgetfulness.

38. Defendant did not engage in the interactive process with her or proffer an alternative accommodation.

39. Defendant's unlawful actions were intentional, willful, and done in reckless disregard of Kramer's rights as protected by the ADA.

## COUNT III

## RETALIATION – ADA

40. Kramer hereby incorporates paragraphs 1-39 of her Complaint.

41. Kramer engaged in statutorily-protected activities when she asked for a reasonable accommodation and complained about disability-based discrimination.

42. Defendant took adverse employment actions against Kramer because of her statutorily-protected conduct.

43. Defendant's unlawful actions were intentional, willful, and done in reckless disregard of Kramer's rights as protected by the ADA.

## COUNT IV

### SEX DISCRIMINATION –TITLE VII

44. Kramer hereby incorporates paragraphs 1-43 of her Complaint.

45. Defendant took adverse employment actions against Kramer because of her sex.

46. Defendant's unlawful actions were intentional, willful, and done in reckless disregard of Kramer's rights as protected by Title VII.

## COUNT V

### AGE DISCRIMINATION – ADEA

47. Kramer hereby incorporates paragraphs 1-46 of her Complaint.

48. Defendant fired Kramer because of her age.

49. Defendant's unlawful actions were intentional, willful, and done in reckless disregard of Kramer's rights as protected by the ADEA.

### REQUESTED RELIEF

WHEREFORE, Plaintiff, Robin Kramer, by counsel, respectfully requests that this Court find for her and order that:

1. Defendant reinstate Kramer to the same position, salary, and seniority, or pay front pay and benefits to her in lieu of reinstatement;

2. Defendant issue an early retirement incentive package to Kramer;

3. Defendant pay lost wages and benefits to Kramer;

4. Defendant pay compensatory and punitive damages to Kramer;

5. Defendant pay liquidated damages to Kramer;

6. Defendant pay pre- and post-judgment interest to Kramer;

7. Defendant pay Kramer's attorneys' fees and costs incurred in litigating this action; and

8. Defendant pay to Kramer any and all other legal and/or equitable damages that this Court determines appropriate and just to grant.

Respectfully submitted,

John H. Haskin, Attorney No. 7576-49
Bradley L. Wilson, Attorney No.  21154-49
JOHN H. HASKIN & ASSOCIATES
255 North Alabama Street, 2nd Floor
Indianapolis, Indiana  46204
Telephone:    (317)955-9500
Facsimile:     (317)955-2570
Email:           jhaskin@jhaskinlaw.com
                    bwilson@jhaskinlaw.com
Attorneys for Plaintiff
Robin Kramer

## DEMAND FOR JURY TRIAL

Plaintiff, Robin Kramer, by counsel, respectfully requests a jury trial for all issues deemed triable.

Respectfully submitted,

John H. Haskin, Attorney No. 7576-49
Bradley L. Wilson, Attorney No.  21154-49
JOHN H. HASKIN & ASSOCIATES
255 North Alabama Street, 2nd Floor
Indianapolis, Indiana  46204
Telephone:    (317)955-9500
Facsimile:     (317)955-2570
Email:           jhaskin@jhaskinlaw.com
                    bwilson@jhaskinlaw.com